José González Clemente & Co., Appellant, *v.* Registrar of Property of San Germán, Respondent.

No. 855. Argued November 2, 1931.—Decided November 20, 1931.

*José Sabater* for appellant. The registrar appeared by brief.

Mr. Justice Aldrey delivered the opinion of the Court.

The firm of José González Clemente & Co. purchased at an execution sale a piece of property which was recorded in

the Registry of Property of San Germán in the name of Juan E. Justiniano. On presentation of the deed of conveyance in that registry, the record thereof was denied on April 30, 1931, on the grounds set forth by the officer in charge of said registry at the foot of the instrument presented, and a cautionary notice of such refusal was entered for a period of 120 days. The purchasing firm took an administrative appeal from the denial of the record sought, and on the 22nd of the following July this Court reversed the decision appealed from. On the 18th of the following August and before the expiration of the said 120 days, the instrument in question was again presented in the registry, but the registrar refused to convert the existing cautionary notice in favor of the said firm into a final record, on the ground that the said property is now recorded in the name of another person, Estanislao Vargas, who had purchased it at a judicial sale held in a summary foreclosure proceeding instituted by him to recover on two promissory notes secured by a mortgage. The latter had been recorded prior to the registration of the attachment levied by the firm and of the marshal's deed in its favor, as appears from an extensive and reasoned ruling entered by the registrar, against which the present administration appeal is directed.

The appellant firm says that the respondent registrar has disregarded our decision in case No. 847, *José González Clemente & Co.* v. *Registrar of San Germán*, decided on July 22, 1931 (*ante*, p. 692), in which we reversed his ruling of April 30 of the same year denying the record; and that he has failed to apply the doctrine laid down in *Roig* v. *The Registrar of Property*, 18 P.R.R. 11, to the effect that when a registrar refuses to enter a record it is his duty to set forth all the legal grounds in support of his refusal, and that he can not state such grounds separately on different occasions. This doctrine, however, does not apply in the instant case, because here what the registrar declines to do is to convert

the cautionary notice into a final record, on the ground that the property in question is recorded in the name of a third person, Estanislao Vargas, inasmuch as section 17 of the Mortgage Law provides that after any deed conveying the ownership or the possession of real property or of property rights therein shall have been recorded, or a cautionary notice thereof entered, no other deed of the same or a prior date conveying or encumbering the ownership of the same real property or property rights can be recorded or entered.

As the property involved is recorded in the name of another purchaser, the registrar is precluded from disregarding such record in order to make the one sought by the appellant. In view of the special character of this appeal, to which the person in whose name the property now stands recorded is not a party, we are not justified in deciding herein whether such record was illegally made by reason of the existence of the cautionary notice entered in favor of the appellant firm, as claimed by the latter in its brief; or whether, as stated by the registrar, said record was properly effected because the purchase made by reason of the mortgage credit was entitled to priority. While the record in the name of Estanislao Vargas remains uncanceled, the record of the title of the appellant firm can not possibly be made.

For the foregoing reasons the decision appealed from must be affirmed.